Wanchoo Law Offices
Irwin P. Burzynski, Esq., of Counsel
24 Old Chimney Road,
Upper Saddle River, NJ 07458
tele: 201.783.8560
fax: 646.355.0244
Attorney Id. #001451979

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COSCO CONTAINER LINES COMPANY LIMITED and COSCO CONTAINER LINES AMERICAS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TMX INTERMODAL,<br><br>Defendant. | Civil Action No. 15 Civ. _____<br><br>COMPLAINT |

Plaintiffs, COSCO CONTAINER LINES COMPANY LIMITED ("COSCO") and COSCO CONTAINER LINES AMERICAS INC. ("Cosco Americas")("the Plaintiffs"), whose addresses are set forth below, by their attorneys, Wanchoo Law Offices, LLP, by way of Complaint against the Defendant, TMX Intermodal ("TMX"), say:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333, as well as the Court's diversity, pendent, supplemental, and ancillary jurisdiction.

1

2. Cosco is a legal entity duly organized and existing pursuant to the laws of a foreign country, with offices and a place of business located at No. 378 Dong Da Ming Road, Shanghai, China 2000080.

3. Cosco Americas is a legal entity duly organized and existing pursuant to the laws of the United States, with offices and a place of business located at 100 Lighting Way, Secaucus, New Jersey.

4. At all relevant times, Cosco Americas was in the business of ocean container shipping.

5. The Defendant is, upon information and belief, is a company doing business in the District with a principal place of business at 131 1st St, Elizabeth, NJ 07206.

6. At all relevant times, the Defendant was an entity in the business of ocean container logistics & intermodal drayage.

7. The District of New Jersey is the proper venue for this action, as Cosco Americas resides or maintains a principal place of business in the District of New Jersey, and a substantial amount of facts giving rise to this cause of action occurred within the District.

8. On or about July 29, 2014, the Plaintiffs received Container FSCU9349332, and others, containing a shipment of tool cabinets for carriage under bill of lading COSU6048688960, and others, issued by and/or on behalf of the Plaintiffs.

9. The Plaintiffs agreed, under contracts of carriage, agreed to carry the cargo from Shanghai, China, to Elverson, Pennsylvania via New York,

and deliver the cargo to the holder of the bill of lading in the same good order, condition, and quantity of when received.

10. In turn, on or about August 30, 2014, the Plaintiffs contracted with the Defendant for the safe carriage and delivery of the goods.

11. On or about August 30, 2014, while in the Defendant's possession, Cosco's Container FSCU9349332 was stolen from the TMX warehouse at 400 Trumbull Street, Elizabeth, New Jersey 07206.

12. On or about August 30, 2014, the Defendant sent an email to the Plaintiffs reporting the theft of the Container (Exhibit A).

13. A police investigation was undertaken into the incident (Exhibit B).

14. On or about August 3, 2015, Great American Insurance Company ("GAIC") of New York, as subrogated insurer of the cargo in the Container FSCU9349332, filed a lawsuit in the Northern District of California against the Plaintiffs and the freight forwarder for non-delivery of a shipment of toolboxes in the amount of $24,730.98 (Exhibit C).

15. The Defendant breached the contract it had with the Plaintiffs in failing to deliver Container FSCU9349332 and its contents to the cargo consignee at Elverson, P.A.

16. The loss occurred while the goods were in the Defendant's custody and control, as bailee.

17. On or about August 20, 2015, the Plaintiffs sent a letter demand to the Defendant, which went ignored.

## Count I:
## Breach of Contract

18. The Plaintiffs repeat Paragraphs 1-17.

19. The Parties entered into a binding contract pursuant to which the Defendant agreed to ship and deliver to its rightful owner the goods in the Container specified above.

20. The Plaintiffs fully performed their obligations under the contract.

21. In breach of its obligations under the contract, the Defendant failed to deliver the goods to its rightful owner.

22. As a result, the Plaintiffs suffered damages.

23. Wherefore, the Defendant is liable for damages.

## Count II:
## Unjust Enrichment

24. The Plaintiffs repeat the allegations set forth in Paragraphs 1-23.

25. The Plaintiffs remunerated the Defendant for transporting and delivering the Container to its rightful owner.

26. The Defendant accepted such remuneration but failed to do the promised work.

27. Allowing the Defendant to retain the Plaintiff's remuneration would be inequitable.

28. The Defendant has been unjustly enriched.

29. Wherefore, the Defendant is liable for damages.

## Count III:
## Negligence

30. The Plaintiffs repeat the allegations set forth in Paragraphs 1-29.

31. At all relevant times, the Defendant owed the Plaintiffs the duty of exercising reasonable care in its shipment, storage, and delivery of cargo.

32. The Defendant breached that duty of reasonable care in failing to exercise proper control over or surveillance of the Container.

33. As a foreseeable and proximate result of such breach, the Container was unlawfully and/or wrongfully taken by a third party or otherwise lost.

34. As a direct result, the Plaintiffs suffered damages.

35. Wherefore, the Defendant is liable for damages.

## Count IV:
### Bailment

36. The Plaintiffs repeat the allegations contained in Paragraphs 1-35.

37. The Defendant was in lawful possession of the Container as its non-owner (bailee), through delivery thereof from the Plaintiffs.

38. The bailment relationship thus created required that the Defendant deliver the Container to its lawful owner.

39. In breach of its duties pursuant to the bailment, the Defendant failed to deliver all the contents of the Container to its rightful owner.

40. Wherefore, the Defendant is liable for damages.

## Count V:
### Conversion

41. The Plaintiffs repeat the allegations contained in Paragraphs 1-40.

42. While in sole possession of the Container as bailee, the Defendant negligently permitted removal, theft, and/or destruction of the contents of the Container by a party other than its lawful owner.

43. Return of the Container was demanded, but not complied with.

44. The failure to return the contents of the Container was such that it seriously interfered with the owner's lawful right to possess it, and/or the Plaintiffs' right and ability to repossess it.

45. As a result of the conversion of the goods, the Plaintiffs suffered injury.

46. Wherefore, the Defendant is liable for damages.

## Count VI:
### Gross Negligence

47. The Plaintiffs repeat the allegations contained in Paragraphs 1-46.

48. At all times relevant, the Defendant owed the Plaintiffs the duty of exercising the minimally accepted standard of care in transportation, storage and delivery of the Container.

49. In breach of those minimal standards, the Defendant failed to exercise even the basic degree of caution in its possession of the Container in that it failed to, upon information and belief, properly stow and watch it.

50. As a result of the Defendant's breach, the contents of the Container was lost, destroyed, and/or stolen, and never delivered to its rightful owner or returned to the Plaintiffs.

51. As a result, the Plaintiffs suffered damages.

52. The Defendant acted in willful disregard of the Plaintiffs' rights.

53. Wherefore, the Defendant is liable for damages, including punitive damages.

WHEREFORE, Plaintiffs seek the entry of judgement:

(A) In favor of Plaintiffs and against Defendant

6

for an amount of $24,730.98, plus interest, fees, including attorneys' fees, costs, and disbursements;

    (B) That Court process be issued against the Defendant; and

    (C) That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated: September 22, 2015

        **WANCHOO LAW OFFICES, LLP**
        Attorneys for Plaintiffs

By: *[signature]*
        Irwin P. Burzynski, Esq., Of Counsel
        24 Old Chimney Road,
        Upper Saddle River, NJ 07458
        iburzynski@crisp.net

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to the Rules of Court, Rahul Wanchoo, for whom we will seek admission *pro hac vice*, is hereby designated as trial counsel for plaintiffs in the subject action.

_____
IRWIN P. BURZYNSKI

**DATED**: September 22, 2015

# Exhibit A

## BCunning/Bradley Cunningham (US/CCLA/OMD)

| | |
|---|---|
| From: | MWard/Mary Carlo (US/CCLA/OMD) |
| Sent: | Tuesday, September 02, 2014 7:31 AM |
| To: | dispatch@tmxintermodal.com; BCunning/Bradley Cunningham (US/CCLA/OMD); CCLA NY Imports |
| Cc: | Fernando Rodrigues |
| Subject: | FSCU9349332 COSCON Job Order 9792159 [From: mward ] |

*Oh boy!*

*Imports - above cntr was stolen out of truckers yard, trucker will send police report once rec'd.*

*Thank You*

*Mary Carlo*
*Operations Manager*
*CCLA - LOD*
*Secaucus, NJ*
*201-422-0500 X 8455*
*Fax: 201-422-8515*


*-----Original Message-----*
*From: dispatch@tmxintermodal.com [mailto:dispatch@tmxintermodal.com]*
*Sent: Saturday, August 30, 2014 11:46 AM*
*To: COSCO*
*Cc: Fernando Rodrigues; MWard/Mary Carlo (US/CCLA/OMD)*
*Subject: RE: TMXI - COSCON Job Order 9792159 [From: mward ]*

*Good Morning*

*We found out this morning someone break in to our yard and Stole your container we in posses of making police report and I will send it to you then we go from there*


*\*\*\*ALL SPECIAL RATES MUST INCLUDE QUOTE# TO ENSURE VALIDATION\*\*\**

*RATES DO NOT INCLUDE EXTRAS, UNLESS EXPRESSLY SPECIFIED (REEFER, OVERWEIGHT, HAZMAT, ETC.)*

*Thank you*

1

# Exhibit B

Case 2:15-cv-07019-KM-JBC   Document 1   Filed 09/22/15   Page 12 of 20 PageID: 12

EXHIBIT 2

## INVESTIGATION FREETEXT REPORT

Approved

| 1. Department: Elizabeth Police Department | 2. Mun. Code: 2004 | 3. Phone Number and Ext: 9085582000 | 4. UCR | 21. Prosecutor's Case No. | 22. Dept. Case No.: 14-015375 |
|---|---|---|---|---|---|

| 5. Crime / Incident: Burglary | 6. NJS | 23. Victim (Last, First Middle): Rodrigues, Fernando |
|---|---|---|

| Social Security Number | 24. D.O.B. | 25. Sex: m | 26. Race: w |
|---|---|---|---|

| DATE AND TIME | 7. Between ☑ | 8. Hour: 11:29:57 | 9. Day: Saturday | 10. Mo.: 8 | 11. Date: 30 | 12. Yr.: 2014 | 27. Victim's Address: 131 1st St., Elizabeth, NJ 07206 | Phone and Ext. No.: 9732777097 |
|---|---|---|---|---|---|---|---|---|
| | AT ☐ | 11:29:57 | Saturday | 8 | 30 | 2014 | | |

| 13. Crime/Incident Location: 400 TRUMBULL ST   ELIZABETH   NJ   07206 | 28. Employer Address: 400 Trumbull St | Phone and Ext. No.: 9083443700 |
|---|---|---|

| 14. Municipality: Elizabeth | 15. County: Union County | 16. Code: xxxx | 29. Person Reporting Crime/Incident: #23 | 30. Date and Time: 08/30/2014   11:29 |
|---|---|---|---|---|

| 17. Type of Premises: Trucking Yard | 18. Code: xxxx | 19. Weapons - Tools: xxxx   xxxx | 20. Code: xxxx | 31. Address: #27   xxxx   xx   xxxx   xxxx | Phone and Ext. No. |
|---|---|---|---|---|---|

32. Modus Operandi / How Committed: xxxx

| 33. Make: xxxx | 34. Year: xxxx | 35. Model: xxxx | 36. Body Type: xxxx | 37. Color: xxxx | 38. Registration Number and State: xxxx  xxxx | 39. Serial Number or Identification |
|---|---|---|---|---|---|---|

| VALUE STOLEN PROPERTY | 40. Currency: $0.00 | 41. Jewelry: $0.00 | 42. Furs: $0.00 | 43. Clothing: $0.00 | 44. Auto: $0.00 | 45. Miscellaneous: $0.00 |
|---|---|---|---|---|---|---|

| 46. Total Value Stolen: $0.00 | 47. Total Value Recovered: $0.00 | 48. Teletype Alarm: xxxx | 49. Technical Structure: xxxx | 50. Technician and Agency: xxxx |
|---|---|---|---|---|

| 51. Weather: Clear | 52. PROPERTY LIST ISSUED ☐ ATTACHED ☐ N/A ☐ | 53. xxxx | 54. xxxx | 55. Evidence ☐ None  ☐ RETAINED  ☐ RETURNED  ☐ DESTROYED | 56. Disposition  ☐ ARREST PENDING  ☐ TELETYPE PENDING  ☐ EVIDENCE PENDING |
|---|---|---|---|---|---|

| 57. Chem Lab No.: xxxx | 58. Balistics Lab No.: xxxx | 59. MV Summ/Warn No.: xxxx | 60. xxxx | | |
|---|---|---|---|---|---|

| 61. No. Arrested: xxxx | 62. Adult: xxxx | 63. Juvenile: xxxx | 64. Status Crime: Active | 65. Status Case: Investigation | 66. UCR Status: xxxx | 67. Date Cleared |
|---|---|---|---|---|---|---|

| 68. NAME | ADDRESS OF ARRESTED SUMMONED | 69. PHONE | 70. SEX | 71. RACE | 72. D.O.B. | 73. A/S/W/V |
|---|---|---|---|---|---|---|
| Unknown Suspect(s) | | | | | | |

### NARRATIVE

On 08/30/2014 at 1129 hrs this officer responded to 400 Trumbull St. for the report of a burglary to a truck yard. Upon my arrival I was met by Fernando Rodrigues who stated that some time between the hours of 2000 hrs on 08/29/2014 and 0800 hrs. on todays date his truck yard, "ASF Transport", was burglarized.

| 73. Name (Print or Type): Lovett, Craig | 74. Code No.: L780B | 75. Page: 1 of 2 Pages | 76. Date of Report: 08/30/2014 | 77. Reviewed By: Richard Meola |
|---|---|---|---|---|
| Signature: Lovett, Craig | 78. TYPIST | 79. | 80. | 81. Assigned To |

Additional Officers At Scene

14-015375

| Incident Number | Report Date | CFS CODE | DEPT. CASE NO. |
|---|---|---|---|
| 14242L72 | 08/30/2014 | | 14-015375 |

Taken from the truck yard was a 2007 Freightliner Truck (NJ reg AR103E0 and a "COSCO" container on a trailer chassis. The container number is FSCU934933-2, and contained an unknown number of tool boxes. We were unable to retrieve any information on the chassis due to not having a plate number at the time of this report. Same also could not be entered in the NCIC system due to this lack of information. A stolen motor vehicle report was completed for the Freightliner that was stolen (Case#14-15376). Sgt. Polyviou was notified and responded.

According to Fernando the front fence to his yard was chained shut at 2000 hrs. by employees who chained it to another piece of fence and not the large post. I observed the lock and chain to still be intact but the fence that it was chained to was pulled away from the fence post and bent in toward the yard, not toward the street. The fence itself was broken where the gate was chained. Hanging from the sliding gates' lock and chain was a second chain. This is a tow chain that was in a hidden location in the truck yard. This tow chain was used to break open the fence and was possibly attached to one of the trucks in the yard to accomplish this.

A second truck was used to pull a container from the yard and parked in the driveway of the neighboring business. This truck (PA reg AG06588) is leased to Fernando and same stated that it can't be started without a "chip" key. The moving of those vehicles gave the suspects access to the stolen tractor, which was parked in the rear of the yard. The stolen truck was possibly used to remove the stolen container and its chassis. Several other containers in the yard were sealed and loaded. Fernando believes that someone familiar with his business and how to check the contents of containers via computer are responsible for this incident. Same was advised accordingly.

REVIEWED BY   Richard Meola

# Exhibit C

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, a corporation; <br><br> *Plaintiff(s)* <br> v. <br> PER ATTACHED <br><br> *Defendant(s)* | Civil Action No. CV 15-3398 MEJ |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

China Ocean Shipping Company Americas, Inc., a corporation

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   GIBSON ROBB & LINDH, LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
*Richard W. Wieking*

Date: 8/3/2015

*Signature of Clerk or Deputy Clerk*

1  (*Continued Defendant List from Summons*)
2  CHINA OCEAN SHIPPING COMPANY AMERICAS, INC., a corporation;
3  COSCO CONTAINER LINES CO., LTD., an entity of unknown form; COSCO
4  CONTAINER LINES AMERICAS, INC., a corporation; SEA TRADE
5  INTERNATIONAL, INC., a foreign corporation; SEA TRADE
6  INTERNATIONAL, INC. (SHANGHAI), an entity of unknown form; SEA
7  TRADE ENTERPRISES CANADA, INC., an entity of unknown form; and SEA
8  TRADE INTERNATIONAL, INC. (CANADA), an entity of unknown form;
9
10            Defendants,
11
12 **DEFENDANTS' NAME AND ADDRESS'**

13 CHINA OCEAN SHIPPING COMPANY AMERICAS, INC.
14 100 Lighting Way
   Secaucus, NJ 07094

15 COSCO CONTAINER LINES CO., LTD.
16 No. 378, Dong Da Ming Road
   Shanghai, 200080 CHINA

17 COSCO CONTAINER LINES AMERICAS, INC.
18 100 Lighting Way
   Secaucus, NJ 07094

19 SEA TRADE INTERNATIONAL, INC.
20 100 Lighting Way
   Secaucus, NJ 07094

21 SEA TRADE INTERNATIONAL, INC. (SHANGHAI)
22 Suite 17F
   Jin An Tower
23 No. 908 Da Ming Road(E)
   Shanghai 200082 CHINA

24 SEA TRADE ENTERPRISES CANADA, INC.
25 5090 Explorer Drive, Suite 204
   Mississauga, Ontario CANADA L4W 4T9

26 SEA TRADE INTERNATIONAL, INC. (CANADA)
27 5090 Explorer Drive, Suite 204
   Mississauga, Ontario CANADA L4W 4T9

28

ATTACHMENT TO SUMMONS
Case No.          ; Our File No. 5475.56A

1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH LLP
2  201 Mission Street, Suite 2700
   San Francisco, California 94105
3  Telephone: (415) 348-6000
   Facsimile:  (415) 348-6001
4  Email: jkirsch@gibsonrobb.com

5  Attorneys for Plaintiff
   GREAT AMERICAN INSURANCE
6  COMPANY OF NEW YORK

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 
   GREAT AMERICAN INSURANCE   )   Case No.
11 COMPANY OF NEW YORK, a     )
   corporation;               )   **COMPLAINT FOR NON-**
12                            )   **DELIVERY OF OCEAN CARGO**
              Plaintiff,      )
13                            )
                              )   (Damages in the sum of $24,730.98)
14       v.                   )
                              )
15                            )
   CHINA OCEAN SHIPPING       )
16 COMPANY AMERICAS, INC., a  )
   corporation; COSCO CONTAINER)
17 LINES CO., LTD., an entity of)
   unknown form; COSCO        )
18 CONTAINER LINES AMERICAS,  )
   INC., a corporation; SEA TRADE)
19 INTERNATIONAL, INC., a foreign)
   corporation; SEA TRADE     )
20 INTERNATIONAL, INC.        )
   (SHANGHAI), an entity of unknown)
21 form; SEA TRADE ENTERPRISES )
   CANADA, INC., an entity of )
22 unknown form; and SEA TRADE )
   INTERNATIONAL, INC.        )
23 (CANADA), an entity of unknown)
   form;                      )
24                            )
              Defendants.     )
25 
26 ///

27 ///

28 ///

Complaint
Our File No. 5475.83

Plaintiff's complaint follows:

1. Plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK ("GAIC"), is now, and at all times herein material was, a corporation duly organized and existing by virtue of law. GAIC is a citizen of the state of New York and was the insurer of the hereinafter described cargo.

2. Plaintiff is informed and believes, and on the basis of that information and belief alleges that, CHINA OCEAN SHIPPING COMPANY AMERICAS, INC., a New Jersey corporation; COSCO CONTAINER LINES CO., LTD., a foreign entity of unknown form; COSCO CONTAINER LINES AMERICAS, INC., a New Jersey corporation (collectively "COSCO"); SEA TRADE INTERNATIONAL, INC., a foreign corporation; SEA TRADE INTERNATIONAL, INC. (SHANGHAI), a foreign entity of unknown form; SEA TRADE ENTERPRISES CANADA, INC., a foreign entity of unknown form; SEA TRADE INTERNATIONAL, INC. (CANADA), a foreign entity of unknown form (collectively "SEA TRADE"), are now and at all times herein material were engaged in business as common carriers for hire within the United States and within this judicial district.

3. Plaintiff's complaint contains a cause of action for non-delivery of cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 et seq., and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Venue is proper under 28 U.S.C. § 1391(b).

4. This is a cause of action for non-delivery of ocean cargo, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

5. Plaintiff is informed and believes, and on the basis of such information and belief alleges that, on or about July 29, 2014, at Shanghai, China

Complaint
Our File No. 5475.83

- 2 -

defendants received container FSCU9349332, and others, containing a shipment of tool cabinets for carriage under bill of lading number COSU6048688960, and others, issued by and/or on behalf of said defendants. COSCO and SEA TRADE, and each of them, under contracts of carriage and in return for good and valuable consideration, agreed to carry said cargo from Shanghai, China, to Elverson, Pennsylvania, via New York, and there deliver said cargo to the lawful holder of the aforementioned bill of lading, and others, in the same good order, condition, and quantity as when received.

6. Thereafter, in breach of and in violation of said agreements, COSCO and SEA TRADE did not deliver said cargo in the same good order, condition, and quantity as when received. To the contrary, COSCO and SEA TRADE, and each of them, failed to deliver container FSCU9349332 and the shipment of tools boxes. The reasonable value of the non-delivered cargo was $24,730.98.

7. Prior to the shipment of the herein described cargo and prior to any loss thereto, plaintiff GAIC issued its policy of insurance whereby plaintiff GAIC agreed to indemnify the rightful owner of the tool boxes, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and plaintiff GAIC has therefore become obligated to pay, and has paid to the person entitled to payment under said policy the sum of $24,730.98, on account of the herein described loss.

9. Plaintiff has therefore been damaged in the sum of $24,730.98, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against defendants; that this Court decree payment by defendants to plaintiff in the sum of $24,730.98, together with prejudgment interest thereon and costs of

///

///

1  suit herein; and that plaintiff have such other and further relief as in law and
2  justice it may be entitled to receive.
3  Dated: July 23, 2015                    Respectfully submitted,
4                                          GIBSON ROBB & LINDH LLP
5
6                                          By: _____
                                               Joshua E. Kirsch
7                                              Attorneys for Plaintiff
                                               GREAT AMERICAN INSURANCE
8                                              COMPANY OF NEW YORK